A. W. BURRITT COMPANY, Respondent, *v.* PALMER-MARCY COMPANY, INC., Appellant.

**Contract — sale — consignment of goods — alleged contract of sale examined and construed, and held that defendant took the goods in question on consignment to sell for plaintiff and not by purchase.**

1. In an action brought by plaintiff to recover the purchase price of several carloads of lumber which defendant asserts was not sold to it but were received by it on consignment to be accounted for as sold, it appears that the contract, after conversations between representatives of the parties to the effect that defendant would not purchase the lumber but would take it on consignment and attempt to dispose of it, was consummated and expressed in several written communications; that defendant was to give ninety-day notes for the lumber and when the notes became due it might have the privilege of renewing without interest for three months the unsold balance. These facts confirm the theory of consignment.

2. If the contract, as expressed in the written communications, was ambiguous defendant was entitled to introduce parol evidence for the purpose of removing the ambiguity and establishing the clear meaning of the contract, and as the contract in certain respects was ambiguous, it was error to exclude other evidence offered to remove the ambiguity, even if some part of it may have been cumulative.

*Burritt* v. *Palmer-Marcy Co., Inc.,* 202 App. Div. 826, reversed.

(Argued May 21, 1923; decided May 29, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 6, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*S. Fay Carr* and *Carlton F. Bown* for appellant.   The trial court erred in holding that the written exhibits constituted a complete contract.   (*Perry* v. *Bates*, 115 App. Div. 337; *Briggs* v. *Hilton*, 99 N. Y. 517; *Lichtenstein* v. *Rabolinsky*, 75 App. Div. 66; *Leary* v. *Moore*, 48 Misc. Rep. 551; *Greenfield National Bank* v. *Colewell*, 57 Hun, 169; *Higgins* v. *Ridgeway*, 153 N. Y. 130; *Carpenter* v. *Hoadley*, 138 App. Div. 190; 200 N. Y. 571; *Persons* v. *Hawkins*, 41 App. Div. 171; *Dowler* v. *Swift & Co.*, 113 App. Div. 260.)   The trial court erred in its refusal to receive evidence in aid of construction which would place the court and jury in the situation of the parties themselves.   (*Martin* v. *M. A. Indemnity Co.*, 151 N. Y. 94; *N. Y. House Wrecking Co.* v. *O'Rourke*, 92 App. Div. 217; 181 N. Y. 564; *American Fine Art Co.* v. *Simon*, 140 Fed. Rep. 529; *Smith* v. *Dotterweich*, 200 N. Y. 299.)

*Isaac Adler* for respondent.   Evidence of the oral negotiations which preceded the written memoranda was not admissible as the written memoranda constituted a complete contract.   (*Studwell* v. *Bush Co.*, 206 N. Y. 416; *Harris* v. *Eakins*, 201 App. Div. 257; *Hough* v. *State*, 145 App. Div. 718; *Perry* v. *Bates*, 115 App. Div. 337; *Brigg* v. *Hilton*, 99 N. Y. 517; *Lichtenstein* v. *Rabolinsky*, 75 App. Div. 76; *Chapin* v. *Dobson*, 78 N. Y. 74; *Thomas* v. *Scutt*, 127 N. Y. 133.)   The terms of the contract are unambiguous and no evidence is admissible to aid in its construction.   (*St. Regis Paper Co.* v. *H. & H. Paper Co.*, 235 N. Y. 30.)

HISCOCK, Ch. J.   This action is brought by plaintiff to recover the purchase price of six carloads of lumber alleged to have been sold and delivered to the defendant. The defense is that the lumber was not sold to the defendant, but was received by the latter on consignment and was to be accounted for as sold.

Plaintiff bases its claim upon three written communi-

cations which passed between the parties and which it asserts constitute an unambiguous contract for the sale and purchase of the lumber. In answer to this contention the defendant asserts two propositions: 1st, that the contract between the parties was an oral one and that the written communications were simply confirmatory of it; and 2d, that if it be wrong in this respect it still remains that the alleged written contract is ambiguous upon the question of sale or consignment and that it should have been allowed to introduce evidence of conversations as tending to eliminate this ambiguity. We think that the first proposition cannot be sustained but that the second one is correct.

The transaction was opened by a conversation between representatives of the respective parties and without any dispute that conversation was to the effect that the defendant would not purchase the lumber of plaintiff but would take it on consignment and attempt to dispose of it. Then followed the three written communications which have been referred to. The first one of these was from the plaintiff and, eliminating unimportant provisions, it purported to acknowledge receipt of defendant's order, specified the quantity, description and price of the lumber, stated that the shipments were in transit and then contained a paragraph labeled " Special Terms " which read as follows: " We are to send you our check for freight charges and you are to give us 90-day note covering cars with option of renewing note for stock unsold at that time." To this defendant answered: " In your acknowledgment of April 16th, for the six (6) cars which we have taken in for you, you have made no mention of the interest. We would like to have it clear on this point, first, that we are to give you a ninety (90) day note for these cars, and then when the notes are due, we may have the privilege of renewing without interest for three (3) months the unsold balance." To this communication the plaintiff in return answered:

" Your favor of the 21st is received and very carefully noted, this being in connection with the six (6) carloads of N. C. Pine which you have taken in for us. In reply would state that the terms so outlined by you are exactly in accordance with our understanding of the matter."

The ambiguity asserted by the defendant is based largely upon the expression found both in the communication of the plaintiff and of the defendant to the effect that defendant had " taken in for you " (the plaintiff) the cars in question, and also the expression in defendant's communication that it was to give plaintiff a " ninety (90) day note for these cars, and then when the *notes* are due we may have the privilege of renewing without interest for three (3) months the unsold balance."

It is urged, and we think with reason, that when defendant wrote about " taking in " the lumber " for you " (the plaintiff) this was not an expression at all applicable to the receipt of lumber from the plaintiff on an out and out purchase; also that when it was agreed that in the first instance a ninety-day note was to be given for the lumber and then " when the notes are due " defendant should have the privilege of renewing without interest for three months for " the unsold balance " it was not fairly meant that there should be one note and one renewal, but that the notes, however many, should be renewed for the unsold balance of the lumber and which would confirm the theory of consignment.

If, as we have indicated, the written contract with these expressions in it was ambiguous and did not decisively indicate whether there was a sale or a mere consignment by the plaintiff of the lumber in question, defendant was entitled to introduce parol evidence for the purpose of removing the ambiguity and establishing the clear meaning of the contract. The evidence of the preliminary conversation between the representatives of the parties which the court allowed to be introduced

did tend to do this. We think, however, that some of the evidence given by the witness Marcy on his examination on deposition also tended to accomplish this purpose, and while to some extent the answers which were rejected may have been cumulative evidence, they were not entirely so and we do not feel that it is so clear that their exclusion did not affect the result with the jury that their erroneous exclusion should be overlooked.

We think, therefore, that the judgments should be reversed and a new trial granted, with costs to abide the event.

HOGAN, CARDOZO, POUND, MCLAUGHLIN and CRANE, JJ., concur; ANDREWS, J., absent.

Judgments reversed, etc.